VALLEY DEW DISTILLING CO. v. RITZMANN.

(Supreme Court, Appellate Term.  June 5, 1908.)

BILLS AND NOTES—ACTIONS—FAILURE OF CONSIDERATION—EVIDENCE.
    In an action on notes, evidence *held* to establish prima facie a defense of failure of consideration.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Valley Dew Distilling Company against Albert M. Ritzmann.  Judgment for plaintiff, and defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J. and DAYTON and GERARD, JJ.

James H. Goggin, for appellant.
Joseph M. Davis, for respondent.

PER CURIAM.  The plaintiff brought its action upon two promissory notes of $50 each.  At the trial the notes were offered in evidence and the plaintiff rested.  There was no proof that the notes had been presented, or that demand for payment had been made. The defense was failure of consideration and fraudulent representations which induced defendant to execute the notes.  The defendant swore that representatives of the plaintiff agreed to make him their sole agent for a certain territory, to send him samples of whis-

ky and attractive bottles for his store, and to furnish advertising matter, all of which was to be evidenced by a contract. That contract he never received, and the plaintiff in all these respects failed to live up to his agreement. Defendant paid out, upon the signing of these notes and a memorandum slip by which he agreed to buy 20 barrels of whisky, the sum of $27 in cash. He states that he has never received anything whatever in return therefor, except certain warehouse receipts which he has returned to plaintiff. He was notified by plaintiff that a barrel of whisky had been shipped to him, but refused to receive him, because plaintiff had failed to conform to its agreement to make him the sole agent for certain territory and to furnish the other things above mentioned. The defendant's testimony was absolutely uncontradicted, and established prima facie an affirmative defense, which plaintiff did not attempt to controvert.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.